# White *v.* City of Anniston.

### *Violating City Ordinance.*

(Decided June 10, 1909. 49 South. 1030.)

1. *Trial; Exclusion of Evidence; Motion.*—A witness having testified that he saw the defendant give one F. a bottle of whisky, a motion to exclude the whole sentence was properly overruled, since part of the testimony was competent, although it developed that the fact that it was whisky was a conclusion of the witness.

2. *Municipal Corporation; Violating Ordinance; Reasonable Doubt.*—One charged with the violation of a municipal ordinance is entitled to have the jury instructed, where the trial is being held in the city or circuit court on appeal from the mayor's court, that the defendant was entitled to a verdict if the jury have a reasonable doubt of his guilt from the evidence.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN.

From a conviction for violating an ordinance of the city court of Anniston, prohibiting the sale, giving away, or otherwise disposing of spirituous, vinous, or malt liquors, without license, Ed White appeals. Reversed and remanded.

Charge 2 refused to the defendant was as follows: "The court charges the jury that, if they have a reasonable doubt from the evidence of the defendant's guilt, they should find him not guilty."

T. C. SENSABAUGH, for appellant.—The court should have granted the motion to exclude the evidence.—*Ashford v. Ashford,* 136 Ala. 640; *Langford v. The State,* 130 Ala. 76; *Matthews v. Farrell,* 140 Ala. 308. The court erred in refusing to give charge 2.—*Barron v. City of Anniston,* 48 South. 58.

A. P. AGEE, for appellee.—The court rightfully denied the motion to exclude the testimony.—38 N. Y. Supp.

[White v. City of Anniston.]

690; 54 Pac. 190. Counsel insists that the court reconsider the holding in the case of *Barron v. City of Anniston,* and says that if the crime charged is proven to a reasonable certainty in violation of a municipal ordinance that that is sufficient, but cites no authority in support of his contention.

SIMPSON, J.—The appellant was convicted, before the recorder of the city of Anniston, of the offense of selling or giving away alcoholic or spirituous liquors, appealed to the city court, and was there convicted, from which judgment this appeal is taken.

The witness, Eason, on direct examination, testified as follows: "I saw Carl Freeman give the defendant some money, and I saw the defendant reach in his pocket and give Carl Freeman a pint bottle of whisky." He also testified that he and another went immediately into the poolroom and arrested the defendant, and "found two bottles of corn whisky in his pocket, without labels on them, like the one I saw him give Carl Freeman." On cross examination this witness testified: "I can't say whether there was whisky in the bottle I saw defendant give Carl Freeman or not, because I never saw the bottle after he gave it to him, and had no means of knowing whether it was whisky or not."

The defendant's counsel, at the conclusion of this witness's testimony, moved the court to exclude the statement of said witness that he "saw defendant give Carl Freeman a bottle of whisky," on the ground that it was mere conclusion of the witness, immaterial, illegal, and incompetent. The court overruled the motion, and this action is made the basis of the first assignment of error.

It is true that the witness should not have been allowed to testify to a fact which he said he did not know (*Ashford v. Ashford,* 136 Ala. 633, 640, 34 South. 10,

96 Am. St. Rep. 82), yet a part of the testimony sought to be excluded was competent, to wit, that he saw him hand Freeman a bottle; and the court cannot be placed in error for refusing to exclude the entire sentence.

The court erred in refusing to give charge No. 2, requested by the defendant.—*Barron v. City of Anniston,* 157 Ala. 399, 48 South 58.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.