# Glen *v.* City of Prattville.

*Violating Municipal Ordinance.*

(Decided February 11, 1915.   67 South. 622.)

*Municipal Corporations; Ordinances; Violation; Degree of Proof.*—The guilt of a defendant for the violation of a municipal ordinance must be shown by the same degree of proof as is required in the prosecution by the state for a crime—beyond a reasonable doubt.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

From a conviction in the recorder's court of the violation of the municipal ordinance prohibiting the sale, etc., of intoxicating liquors, John Glenn appealed 'to the circuit court, where he was again convicted and he brings the appeal here. Reversed and remanded.

GUY RICE and P. E. ALEXANDER, for appellant. The court was in error in his charge to the jury wherein he stated the jury were authorized to convict if they were reasonably satisfied of his guilt.—*Barron v. City of Anniston,* 157 Ala. 399; *White v. City of Anniston,* 161 Ala. 662.

EUGENE BALLARD, for appellee. No brief reached the Reporter.

PELHAM, P. J.—This was a prosecution for the violation of a municipal ordinance prohibiting the sale, etc., of prohibited liquors—an offense made punishable by imprisonment or hard labor. The trial was de novo on appeal from the recorder's court, and the trial court charged the jury in its oral charge on the measure of proof necessary to a conviction as follows: "The burden of proof here is not as great as it is in criminal cases; that is, in cases in which the state prosecutes people for the violation of its laws. The burden here upon the city is simply to require that degree of proof which reasonably satisfies you of the truth of the averments of the complaint, and not to satisfy you beyond a reasonable doubt."

The rule has been differently declared by the Supreme Court in *Barron v. City of Anniston,* 157 Ala. 399, 48 South. 58, which case has been followed and cited approvingly on the rule there laid down, that to authorize a conviction the jury must believe the defendant guilty of the offense charged beyond a reasonable doubt, in the

more recent case of *White v. City of Anniston,* 161 Ala. 662, 49 South. 1030.

The defendant reserved an exception to that portion of the trial court's oral charge erroneously instructing the jury on the measure of proof required to warrant a conviction, and it follows that a reversal must result.

Reversed and remanded.

