### BRISENDINE v. STATE.   (7 Div. 906.)

(Court of Appeals of Alabama.   June 30, 1923.
    Rehearing Denied July 14, 1923.)

**1. Intoxicating liquors ⊜➔238(1)—Guilt held for jury.**

In trial for violating the prohibition law, accused's guilt held for the jury.

**2. Criminal law ⊜➔368(1)—Intoxicating liquors ⊜➔226—Evidence of conversations between third parties held inadmissible.**

In trial for violating the prohibition law, where accused explained his presence at the still where he was found by officers by stating his brother had asked him to go there and see if J., the operator of the still, had moved it off his brother's land as he had ordered J. to do, and accused's brother had testified that it was J. who was making the liquor there, held, that objection was properly sustained to question as to what the brother said to J. when he found him making liquor; this being no part of the res gestæ, and being irrelevant to the question of accused's guilt.

**3. Criminal law ⊜➔693, 1169(1) — Objection first made after evidence was in came too late; refusal to exclude evidence held harmless.**

In trial for violating the prohibition law by operating a still, where state's witness, being

recalled, stated, without objection to the question eliciting the statement, that one L. took a plank and shoveled it into the mash, and pushed it out, and said, "See that, now; what do you say about that?" an objection to and motion to exclude the statement of L. came too late, and was properly overruled; and, in any event, there was nothing hurtful to accused in the ruling.

**4. Criminal law ⊜➔1044, 1064(6) — Argument of counsel held not reviewable.**

The question of argument of the solicitor objected to was not presented for review where no motion was made to exclude it, and it was not made the subject of either of the grounds for motion for new trial, as could have been done.

**5. Criminal law ⊜➔829(1)—Refusal of charges already covered not error.**

Refusal of requested charges which are covered by other charges given is not error.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Prefford Brisendine was convicted of violating the prohibition law, and appeals. Affirmed.

On the examination of witness Daniel, being recalled by the state, he testified:

"The still we located was around near that house; that is where we tore it up. When I went back there with Huffstetler and Edge there wasn't anything only this mash and stuff and this plank. Leath picked up a plank and just shoveled down into the mash and dough and meal, and pushed it out just like a shovel, and said, 'See that now; what do you say about that?'"

Defendant objected to and moved to exclude the statement of Leath, but it does not appear that objection was interposed to any question eliciting the statement.

Hugh Reed, of Centre, for appellant.

The question asked Chance Brisendine whether he told Jones to take the still off his land should have been allowed. Fonville v. State, 91 Ala. 42, 8 South. 688; Johnson v. State, 92 Ala. 82, 9 South. 539; Price v. State, 100 Ala. 148, 14 South. 409, 46 Am. St. Rep. 28; Owens v. State, 82 Ala. 63, 3 South. 764; Banks v. State, 72 Ala. 526; Childs v. State, 58 Ala. 349.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1] The conflicting testimony in this case presented a question for the determination of the jury. The court therefore properly refused the affirmative charge requested by defendant.

The testimony of the state witnesses tended to show that they saw this defendant and an-

other man, whom they did not recognize working at a still in Cherokee county within the time covered by the indictment. They testified, without objection, that they found a still place and a still outfit about 150 yards from defendant's house, and that they saw the defendant there. Also:

"They had just wound up making a run, and when we got there he (defendant) was there working with the beer, fixing for the next run, covering it up, covering up the boxes, and fixing the barrels around the vat they had there, covering them up that had beer in them. That they saw him leave there. · He had a shovel, according to the best recollection of the witnesses, as he went up the hill to a little house 47 steps from where the still was. Saw him go to or in the house. We found that ·shovel and found the condenser and cap of a still in that house, and ·a fruit jar about half full of whisky; also three jugs of whisky between the still and the house by the side of the trail. The beer was pretty hot; the fire was still in the furnace. That they went up to where defendant was, and Mr. Ferguson, who was a federal officer, arrested him. That the whisky was corn whisky. There was a great big vat of beer and two or three barrels."

Witness Leath testified:

"I would say there was something like 400 or 500 gallons of beer, and the still was about a 35-gallon copper still."

And Sheriff Daniel testified, among other things:

"We saw defendant about there; he was at the beer when we first saw him; he was there covering it up and fixing up and moving something from the still place up to the little house, and he went on with a shovel and a bucket and some things."

These and other incriminating facts were testified to by the state's witnesses. The defendant admitted his, presence at the still, but denied that he had anything to do with it or the making of the whisky which the officers found. He explained his presence there by stating that the still had been found by his brother on his brother's land, and that he (his brother) had asked him to go down there and see if a man by the name of Elmer Jones had moved the still off of his land, as he had ordered him to do.

[2] The first exception noted occurred as follows: Chance,Brisendine, a brother of defendant, testified in his behalf. After having stated that "it was Elmer Jones making .liquor over there in the woods. I found out that morning he was there. I found two stills the day before. I went down there that morning, and he was there"—he was then asked, "What did you say to Jones when you found him down there?" Also, "I will ask you to state whether or not you told Jones to get that thing away from there and off your lands?" The court sustained the state's ob-

jection to these questions, and properly so. This was no part of the res gestæ of the offense, as contended by counsel, nor could it shed any light upon the guilt or innocence of the defendant. This witness had been permitted, without objection, to testify to the substantive fact that "it was Elmer Jones making liquor over there in the woods," but the conversation between this witness ,and Jones· was not admissible or relevant for any purpose.

[3] The objection to statement by witness Daniel when recalled by state as to Leath having said, "See that, now, what do you say to that?" came too late, and was properly .overruled. Moreover, ·there could have been nothing hurtful to the defendant in this ruling.

[4] The question of argument of the solicitor objected to is not presented for review, as no motion was made to exclude it (Lambert v. State, 208 Ala. 42, 93 South. 708), nor was it made the subject of either of the grounds of the motion for a new trial, as could have been done (B. R. L. & P. Co. v. · Drennen, 175 Ala. 338, 350, 57 South. 876, Ann. Cas. 1914C, 1037).

The motion for a new trial was based upon no grounds except such questions as were raised by the refusal of the several special charges requested by defendant. It was properly overruled.

[5] Charge 1 was properly refused. From what has been said the defendant was not entitled to the general affirmative charge, as the testimony was in conflict. Pellum v. State, 89 Ala. 33, 8 South. 83. In our opinion that offered by the state, if believed by the jury under the required rule, was ample to warrant the verdict rendered, and to sustain the judgment of conviction pronounced by the court.

The remaining refused charges, if correct, were fully covered by the oral charge of the court and by the charges given at request of defendant.

No error appears in any ruling of the court to which exception was reserved. The record is without error; therefore the judgment of conviction appealed from is affirmed.

Affirmed.