(117 So. 603)

## BEARDEN v. CITY OF ATTALLA.
(7 Div. 434.)

Court of Appeals of Alabama. June 30, 1928.

**546**

E. O. McCord & Son, of Gadsden, for appellant.

J. A. Stagner, of Attalla, for appellee.
Brief did not reach the Reporter.

BRICKEN, P. J. ■ The appellant was arrested, tried, and convicted in the mayor's court of the city of Attalla for a violation of a certain ordinance of that city. He appealed to the circuit court and was there tried by jury, demand for which was duly made in writing upon a complaint filed by the city attorney. No objection by demurrer, or otherwise, was interposed to the complaint. The defendant pleaded "not guilty" thereto and this plea put in issue the material averments of the complaint, and upon the city rested the burden of proving any or all of the charges contained therein; the measure of proof being beyond a reasonable doubt, as in criminal cases.

■■ No exceptions were reserved to any ruling of the court upon the admission of evidence. It is strenuously insisted, however, that error prevailed in the refusal to defendant of the general affirmative charge in his behalf which was requested in writing. There is no aspect of this case entitling the defendant to this charge, as there was evidence tending to support some of the charges contained in the complaint, and, where this is true, the court is without authority to direct a verdict. The evidence of witness Earnest Woods, alone, tended to make a case against the defendant. We cannot judicially declare that his testimony was untrue and not worthy of belief. The probative force of his testimony was for the jury to determine, Pellum's Case, 89 Ala. 28, 32, 8 So. 83, is conclusive of this proposition. See, also, Lee v. State, 18 Ala. App. 566, 93 So. 59; Bean v. State, 19 Ala. App. 58, 94 So. 781; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Brisendine v. State, 19 Ala. App. 356, 97 So. 254; Harrison v. State, 21 Ala. App. 260, 107 So. 225.

■ Refused charge 2 was fairly and substantially covered by the oral charge. Moreover, the charge was properly refused; it not being predicated upon the evidence in this case. The motion for new trial contained no new matter, and the decision of the learned trial judge denying said motion will not be disturbed. He observed the witnesses who gave evidence, noted their demeanor and manner in testifying, and was in better posi-

tion to judge of the questions involved than is this court.

■ It is insisted that the judgment of conviction pronounced and entered in the court below is erroneous, and, for that reason, a reversal must be had. We find from the record that the jury returned a general verdict of guilty as charged in the complaint, and assessed a fine of $75. Following this there is a proper adjudication of guilt and judgment in favor of the city of Attalla. Further recitals in the judgment entry state:

"That the fine assessed as well as the costs of the prosecution in this case not being presently paid or judgment therefor confessed or secured, as provided by law, it is therefore ordered by the court that the defendant, Julian Bearden, be, and he is hereby, remanded to the city authorities of the city of Attalla for punishment," etc.

We are of the opinion that the trial court should have passed sentence upon the prisoner in accordance with the law or ordinance for such offense as is provided in section 1937 of the Code 1923; following which the prisoner should have been remanded to the city authorities, as is provided in section 1938 of the Code 1923, to serve the punishment inflicted by the sentence of the court, as is provided in section 1938 of the Code 1923. The apparent irregularity in no wise affects the judgment of conviction, which is affirmed, as no reversible error appears. But the cause will be remanded to the circuit court for proper sentence as herein indicated and as provided by the statute, supra.

The term *"sentence"* in a criminal case means the judgment formally pronounced by the court or judge upon the defendant after his conviction, awarding the punishment to be inflicted. And the term *"punishment"* means any pain, penalty, suffering, or confinement inflicted upon a person, by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law.

■■ Where an appeal is taken and perfected from a judgment of conviction in a mayor's (or recorder's) court to the circuit court, the jurisdiction of such mayor, (or recorder) is exhausted, and the trial in the circuit court must be de novo. The circuit court is not a court of appellate review. Upon the trial of such case in the circuit court, in the event of conviction, the circuit court must render a judgment of conviction and pronounce sentence certain in its provisions as to the punishment inflicted. The defendant cannot be remanded for sentence anew by the mayor (Dowling v. City of Troy, 1 Ala. App. 508, 56 So. 116), for, as stated, the mayor was divested of all jurisdiction when the appeal to the circuit court was perfected. The remandment of the defendant to the city authorities, as provided in section 1938, supra,

is for the sole purpose of his being made to serve the sentence (punishment) imposed by the circuit court. A judgment in a court of record must be complete within itself. There is no authority of law for two separate courts to render certain parts of the same judgment. The judgment of guilt is affirmed. The sentence is reversed. In order that a proper sentence may be pronounced, the cause is remanded to the circuit court for that purpose.

Affirmed; remanded for proper sentence.