193 So. 192

**REYNOLDS v. STATE.**

6 Div. 440.

Court of Appeals of Alabama.

Jan. 9, 1940.

Beddow, Ray & Jones and J. Howard Perdue, Jr., all of Birmingham, for appellant.

140

Thos. S. Lawson, Atty. Gen., John J. Haynes, Asst. Atty. Gen., and Geo. Lewis Bailes, Circuit Solicitor, and Burgin Hawkins, Deputy Circuit Solicitor, both of Birmingham, for the State.

SAMFORD, Judge.

The charge in this case is based upon Section 4247 of the Code of 1923 for carrying on or representing a lottery; or selling tickets in the same.

■ The complaint was in sufficient form to charge the defendant with an offense under the above cited Section of the Code, and was not subject to any of the demurrers interposed.

On the trial of the cause before the Judge, sitting without a jury, the State offered the testimony of witnesses tending to prove that within twelve months in Jefferson County there had been operated a lottery, or a game of like kind, in a dairy building near the City of Birmingham.

By various and many objections the defendant sought to raise the question as to whether or not the State's witness Propst was qualified to give testimony as to the paraphernalia found in the building and its uses in carrying on a lottery. These objections were all overruled, and the witness was allowed to testify as to his qualifications regarding the paraphernalia found at the time and place when he and other officers made a raid.

■ Objection is made that the witness Propst is not an expert. In a technical sense, a witness does not have to be an expert to give testimony as to things which he knows by study, practice, experience or observation on that particular subject.

■■ We hold that the witness Propst was amply qualified to testify as to all of those articles found at the time and place of the raid, and that they were used, or had been used recently, in the carrying on of the game prohibited by Statute. Ample authority for this holding may be found in Volume Six, Alabama Digest, Criminal Law, ☞478. However, without going into a detailed discussion of the facts, we may say that, while there is sufficient evidence to establish the State's case in so far as it relates to a violation of the law by somebody, there is no sufficient evidence connecting this defendant with the commission of the offense which would authorize a conviction.

There not being sufficient evidence to sustain a conviction, the judgment is reversed and the cause is remanded.

Reversed and remanded.