66 So.2d 126

**LONG v. CITY OF OPELIKA.**

5 Div. 365.

Court of Appeals of Alabama.

April 21, 1953.

Rehearing Denied May 26, 1953.

Walter B. Venters, Opelika, for appellant.

Glenn & Glenn, Opelika, for appellee.

PRICE, Judge.

Appellant was convicted in the Recorder's Court for having in his possession "a ticket, paper or memorandum of a nature or kind which is customarily used in the operation of a lottery or game of chance," in violation of an ordinance of the City of Opelika.

On appeal to the circuit court the case was tried by the court without the intervention of a jury, upon the original affidavit.

The court adjudged defendant guilty, assessed a fine of $100 and imposed thirty days hard labor for the city and defendant appeals.

The city offered in evidence the transcript of the proceedings before the Recorder, containing the formal transcript of the docket, a copy of the ordinance on which the prosecution is based; the original affidavit and warrant and the appeal bond to the circuit court.

Several assignments of error relate (1) to the admission in evidence of a little black book, identified as City's Exhibit "C" on the grounds it was not proved to be a record of a lottery transaction by witnesses qualified as experts on the subject of lottery records; (2) the overruling of appellant's

motion to exclude all of appellee's evidence as to Exhibit "C", because appellee had failed to make out its case and Exhibit "C" was not properly identified and proved to be a record of lottery by qualified expert testimony, and (3) for permitting the officers Smith, Langley and Mann to testify in their opinion Exhibit "C" was a book containing the records of lottery or bug rackets such as is customarily used in the operation of a lottery, because of their lack of qualifications as experts as to such records.

Officer Smith testified he had been a police officer about five months in Opelika and six months in Phenix City; that he had had experience with what is called the bug racket lottery and was familiar with the papers, documents and tickets customarily used in the operation of that racket; when he searched defendant after the arrest he found on his person a book which in his opinion contained a record of money paid out and taken in on lottery or bug tickets; that he had seen one book similar to it in Phenix City where records were kept on a larger scale. The book was then introduced in evidence and is attached to the record and is before us for examination.

H. H. Langley testified he had been a police officer of the City of Opelika since 1944; that he was present when defendant was searched and saw the little black book, City's Exhibit "C", taken from defendant's pocket; he has had experience with bug racket cases, has seen them tried and has seen records that are kept in such cases; he is familiar in a general way with the records that are kept in bug cases and has seen one other book besides this and has seen a number of tickets; in his opinion it is a book containing the records of lottery or bug.

Police Chief Floyd Mann testified he was present when appellant was searched and the little black book was found in his possession; he has been a police officer ten years; has taken F. B. I. training in Washington and has had occasions to make arrests in cases involving violations of the laws pertaining to the bug or numbers

racket; he is familiar with the books, papers and record usually kept in such cases; and explained to the court the writing in the book and stated in his judgment it is a record of lottery or bug racket tickets. On cross examination this witness testified he had never seen a book exactly like that nor one similar to it, but stated facts on which he based his opinion that the book was a record of lottery transactions and on redirect examination said that every record he had seen was different from every other record of that kind.

In the case of Reynolds v. State, 29 Ala.App. 139, 193 So. 192, Judge Samford observed: "In a technical sense, a witness does not have to be an expert to give testimony as to things which he knows by study, practice, experience or observation on that particular subject."

Moreover, the question of whether a witness is shown to possess the requisite qualification to testify as an expert is largely within the discretion of the trial court and will not ordinarily be disturbed unless a clear abuse of discretion is shown. Ala.Dig.Crim.Law ⊘481. We find no abuse of such discretion in this instance and are constrained to hold that the witnesses were qualified to testify that Exhibit "C" was such record as is customarily used in the operation of a lottery and that the book was properly admitted in evidence.

After the evidence was concluded and both sides had rested, the court recalled to the witness stand Police Chief Mann and questioned him further concerning Exhibit "C". The witness stated he had already testified he had had some experience in bug racket violations, lotteries, etc., and in his opinion the little book is a memorandum customarily used in the operation of a lottery, and that it would be used by the head of the lottery. On cross examination he stated that although he had never seen a book similar to this he would still tell the court that in his opinion it is a thing customarily used in connection with the operation of a lottery. On direct examination by appellee's counsel he testified the entries

made in the book after June 5, 1950, in his opinion, represent entries made in the operation of a bug racket and that he had seen records like that on papers and tickets, but not in book form.

During the court's examination of this witness the following occurred, which is made the basis of the remaining assignments of error:

"The Court: Chief Mann, I wish you would take that book and point out to the court anything in there that you say in your opinion is customarily or usually used in the operation of a lottery.

"Mr. Venters: May it please the court, in all respect I want to object to this procedure on the grounds that the City's attorney is here prosecuting the case and I know the court has absolute charge up here, and I want to object on the ground that it appears, and I say this in all respect, that the court might be a little bit prejudiced in this case, and I ask that your honor let the City's attorney conduct the prosecution.

"The Court: I think you are right. To be frank, the court was trying to help you out, but I will sustain the objection. There is just a slight doubt in the court's mind as to whether or not the City has met the full burden, but since I can't go into it, the court finds the defendant guilty, and assesses a fine of $100.00 and an additional sentence of thirty days at hard labor.

"Mr. Venters: Wait a minute, if the court please, we haven't even argued the case.

"The Court: Do you want to argue the case?

"Mr. Venters: No, sir, not now, I ask for a mistrial.

"The Court: Well, the court withdraws judgment, and you may argue the case, gentlemen.

"Mr. Venters: It would be absolutely useless to argue the case if the court has made up his mind. I ask for a mistrial.

"The Court: Overruled.

"Mr. Venters: We except."

Appellant insists the court erred in finding him guilty after expressing doubt that appellee had met the full burden of proof; in taking from appellant's counsel the right to present his argument, and in overruling the motion for a mistrial.

■ In prosecutions for the violation of a municipal ordinance the burden rests upon the city to prove defendant's guilt beyond a reasonable doubt. Glen v. City of Prattville, 12 Ala.App. 609, 67 So. 622; Bearden v. City of Attalla, 22 Ala.App. 545, 117 So. 603; Barron v. City of Anniston, 157 Ala. 399, 48 So. 58; White v. City of Anniston, 161 Ala. 662, 49 So. 1030.

■ The fact that the trial judge stated he had a slight doubt as to whether the city had met the full burden resting upon it and expressed the desire for more evidence would not be conclusive of the fact that the court entertained such reasonable doubt of appellant's guilt as to make it his duty to acquit him. Shepperd v. State, 94 Ala. 102, 10 So. 663.

■ We are of the opinion that the court's action in this case did not constitute a denial of defendant's right to argue to the court the facts in the case, in violation of art. 1, Sec. 6 of the Constitution of 1901.

■■ There was no error in overruling the motion for a mistrial. The term "mistrial" aptly applies to a case in which a jury is discharged without a verdict. State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 309, 312. Vol. 27, Words and Phrases, Mistrial, page 397. See also Tit. 30, Sec. 100, Code 1940.

"In legal effect a mistrial is equivalent to no trial at all, and is declared because of some circumstance indicat-

204

ing that justice may not be done if the trial continues. The word is not ordinarily used to indicate a mere erroneous ruling of law, but generally is used to specify such fundamental errors in a trial as to vitiate the result." 58 C.J.S., Mistrial, page 834.

Affirmed.

## On Rehearing.

Counsel for appellant complains that we failed to respond to certain assignments of error and propositions of law included in his brief. Counsel contends that the statement of the trial Judge in open court, that defendant was found guilty and a fine assessed and sentence to hard labor imposed, had the effect of a jury verdict. That though the court, by virtue of Title 15, Section 334, could suspend the sentence, he was without authority to withdraw the fine and permit counsel to present argument, except by the granting of a motion for a new trial.

■ Courts of record have inherent power, independent of Section 276 of Title 7, Code 1940, to set aside and vacate their orders or judgments within the term and for common law causes. Batson v. State, 216 Ala. 275, 113 So. 300; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513.

■ Moreover, "The few cases dealing with the effect of a mere oral announcement of a sentence establish the rule that the oral statement of the judge, without an entry thereof in the records, does not constitute a conclusive judgment." State of Wash. ex rel. Echtle v. Card, 148 Wash. 270, 268 P. 869, 59 A.L.R. 521; 15 Am.Jur. Criminal Law, Section 444.

■ The oral pronouncement of the sentence and the assessing of the fine was not conclusive as to the court and the judge could withdraw the orders and permit the case to be argued.

Application overruled.