**STATE of Missouri, Respondent,**

v.

**James HALE, Appellant.**

No. 56323.

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Jackson L. Smith, Louisiana, for appellant.

STOCKARD, Commissioner.

After waiving trial by jury, appellant was tried before the court and found guilty of an assault with intent to do great bodily harm in violation of § 559.180, RSMo 1969, V.A.M.S. We affirm.

Appellant contends that the information was insufficient because it alleged that "the assault was made with the intent to do great bodily harm," which is not included within the wording of § 559.180.

That portion of § 559.180 material to the issue here is as follows: "Every person who shall, on purpose and of malice aforethought, * * * assault or beat another

with a deadly weapon, or by other means or force likely to produce death or great bodily harm, with intent to * * * maim, * * * shall be punished by imprisonment in the penitentiary not less than two years." While the phrase, "great bodily harm," appears in the statute, it is not included in the described intents, and the information did charge such an intent. This variance was discussed in State v. Gillespie, Mo., 336 S.W.2d 677, and it was there held that the allegation of an intent "to do great bodily harm" was the equivalent of an intent to maim and was sufficient. See also State v. Mathis, Mo., 427 S.W.2d 450. We adhere to these rulings.

■ Appellant also contends that the evidence was insufficient to authorize a finding that (1) an assault with fists constituted a violation of § 559.180, and (2) that the assault was with malice aforethought.

From the evidence the trier of fact could find that on July 12, 1970, appellant repeatedly struck his wife, Clothilde Hale, with his fists inflicting various injuries which included breaking her dentures, and that he then forced her into the trunk of his automobile and later beat her about the face and body with a tire tool. That part of § 559.180 which states, "or by any other means or force likely to produce death or great bodily harm," includes severe beatings administered exclusively with the fists. State v. Gillespie, supra. See also State v. Mathis, supra; State v. Selle, Mo., 367 S.W.2d 522; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660; State v. Cox, Mo., 333 S.W.2d 46. Disregarding the evidence of the assault with the tire tool, the evidence clearly authorizes a finding that the beating administered by appellant with his fists was of the nature likely to produce great bodily harm.

■ Appellant did not present in his motion for new trial the contention that the evidence did not support a finding of malice aforethought, and the issue is therefore not before us for review. However,

we mention, *ex gratia*, that the evidence clearly supports such a finding. Appellant and his wife had been engaged in a marital quarrel prior to the beating by appellant with his fists. He had forced her into the trunk of his automobile and had driven some distance before he beat her with the tire tool. This evidence clearly authorized the finding of malice aforethought.

■ Appellant next contends that he was denied the right to be represented by counsel "because of the failure of the court to allow his counsel to make final argument on his behalf."

As previously noted, this was a nonjury case. The record shows that at the close of all the evidence a "short recess" was declared. When court was reconvened, the court announced that it had "again reviewed the evidence, and a colloquy then occurred between the court and counsel off the record. Although the record does not affirmatively show a finding of guilt by the court, it announced that the punishment would be imprisonment for a term of five years which clearly implied such a finding. At no time was there a request on behalf of appellant to make oral argument. We particularly note that when counsel became aware that the court had found appellant guilty, either during the off-record colloquy or when the punishment was announced, there was no request that the finding of guilt be set aside or withdrawn to permit oral argument.

There is authority that an accused in a criminal trial has the constitutional right to be represented by and to be heard through counsel in the argument of his cause, even in a nonjury trial, and if he was deprived of right, the judgment must be reversed. Henry v. State, 10 Okl.Cr. 369, 136 P. 982, 52 L.R.A.,N.S., 113; Decker v. State, 113 Ohio St. 512, 150 N.E. 74, 42 A.L.R. 1151; State v. Hollingsworth, 160 La. 26, 106 So. 662; 23A C.J.S. Criminal Law § 1082; Annotation, 38 A.L.R.2d at p. 1401 et seq. Whether this rule should be strictly applied in a nonjury case need not be ruled

in this case. The right to orally argue may be waived, Henry v. State, supra, and may be lost by failing to request argument. People v. Berger, 284 Ill. 47, 119 N.E. 975. In this case appellant admits that he made no request to be permitted to argue his case to the court at the close of all the evidence, either before or after the court indicated its findings on the issue of guilt, and there is nothing in the record to show that such a request would have been denied. In Long v. City of Opelika, 37 Ala.App. 200, 66 So.2d 126, certiorari denied 259 Ala. 164, 66 So.2d 130, it was held that an accused was not unconstitutionally denied the right to orally argue his case before the court in a nonjury trial, notwithstanding that the court announced its findings and sentence before argument, where the court thereafter offered to withdraw the judgment and permit argument. The same is true where, as in this case, no request to make an oral argument was made, and there was no request to withdraw the finding of guilt to permit oral argument. We do not find a denial of the right to argue, as appellant contends, but at most only a failure on the part of the court to require oral argument.

Appellant's final contention is that the punishment assessed "was greater than * * * ought to have been inflicted."

The punishment imposed was within the statutory limits. § 559.180. The trial court, in this case, was entitled to exercise its discretion in determining the amount of the punishment, State v. Burton, 355 Mo. 792, 198 S.W.2d 19, and punishment imposed within the statutory limits cannot on appeal be adjudged excessive. State v. Jenkins, 327 Mo. 326, 37 S.W.2d 433. We need not determine whether the punishment imposed can be reviewed as an abuse of discretion in view of the particular circumstances of a case. Whether or not such a review is permissible, there was no abuse of discretion in this case.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.