**STATE of Missouri, Respondent,**

v.

**James L. CROOKS, Appellant.**

**No. WD 48500.**

Missouri Court of Appeals,
Western District.

Submitted July 20, 1994.

Decided Sept. 20, 1994.

J. Jeffrey Spainhower, Jefferson City, for appellant.

Patricia S. Joyce, Asst. Pros. Atty., Cole County, Jefferson City, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

SMART, Judge.

James L. Crooks appeals from the trial court's judgment finding him guilty of an attempt to commit the crime of sexual abuse in the first degree. Defendant waived his right to a jury trial and the case was tried to the court. Defendant Crooks was convicted and sentenced to one year in jail.

On July 19, 1992, defendant drove his eleven year old stepdaughter ("M.A.") to Jefferson City for church camp, which was to start the following day. They stayed in a motel which had one double bed. As they were getting ready for bed, defendant hugged M.A. and pulled her closer to him with his hands on her bottom. Defendant slept very close to M.A. during the night. When she awoke, defendant pushed her nightgown up and started rubbing her bottom over her underwear. He then pulled her underwear up in the crevice of her bottom and continued rubbing her bottom. He then put his hand down the back side of her underwear. At this point, M.A. began screaming and locked herself in the bathroom. Defendant repeatedly asked M.A. not to tell her mother what had happened.

M.A. attended the church camp and at the end of the week defendant and M.A.'s mother came to Jefferson City on a Friday to take

her home. On Sunday, M.A. told her mother, Janet A., what had happened with defendant the previous weekend. Ms. A. confronted defendant with her daughter's story and defendant stated that he was testing M.A. because he was worried that one day someone would do that to her and he wanted to make sure she knew what to do. Later that same week, defendant admitted to his wife that he had been having sexual fantasies about M.A. for about a year and that he did have a problem. Defendant also told a social worker and a counselor about the fantasies. He stated that he had planned the incident in advance and that is why he rented a motel room with one bed. He admitted that he was attracted to girls between the ages of 9 and 15.

### Sufficiency of the Evidence

■ First, we examine defendant's contentions relating to the sufficiency of the evidence. Defendant complains that the trial court erred in overruling defendant's motion for judgment of acquittal at the close of all of the evidence because there was no evidence to prove that the defendant attempted to touch M.A. on the breast, genitals or anus as defined by § 556.100, RSMo 1986. He also contends generally there was insufficient evidence to establish defendant's guilt beyond a reasonable doubt.

In determining whether sufficient evidence was presented to find defendant guilty, some statutory definitions must be set forth. Section 566.100, entitled "Sexual abuse in the first degree," provides:

1. A person commits the crime of sexual abuse in the first degree if:

(1) He subjects another person to whom he is not married to sexual contact without that person's consent by the use of forcible compulsion; or

(2) He subjects another person who is less than twelve years old to sexual contact.

Section 566.010 defines "sexual contact" as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person."[1] The term "anus" is defined as "the posterior opening of the alimentary canal." Webster's New Collegiate Dictionary 50 (1974). Defendant in this case was convicted of a class A misdemeanor of attempted sexual abuse in the first degree. Section 564.011 provides:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Defendant argues that insufficient evidence was presented at trial to establish that an attempt to commit the offense occurred. The evidence establishes that defendant took his stepdaughter to a motel room containing one bed and that they slept together. M.A. testified to the following:

Q. What happened then, [M.A.]?

A. He—first he started rubbing my bottom on top of my underwear.

Q. Was his hand up your nightgown?

A. He kind of pushed my nightgown up.

Q. Okay. Was it around your waist then?

A. Yes. And then he put my underwear in my crack and he started rubbing my bottom. And then he pulled my underwear out of my crack, and then he tried to put his hand down my underwear, but I started screaming, and I was scream-

---

1. The evidence is clear that defendant touched M.A. through her clothing for the purpose of arousing or gratifying his own sexual desire. The original indictment charged defendant with the class C felony of sexual abuse in the first degree. For reasons unknown to this court, on the day of defendant's trial, an information in lieu of indictment was filed charging defendant with the class A misdemeanor of attempt to commit the offense of sexual abuse in the first degree. Thus, defendant cannot be convicted for touching M.A. through her clothing for the purpose of arousing or gratifying his own sexual desire because one essential element of an attempt to commit a crime is the failure of consummation of the crime. *State v. Stewart*, 537 S.W.2d 579, 580 (Mo.App.1976).

ing that I was going to tell my mommy, and that I had to go to the bathroom.

Q. Okay. And did you go to the bathroom then, M.A.?

A. Yes. I went in and locked the door, and I held it shut just in case the lock didn't work.

Defendant admitted planning the weekend incident in advance, specifically requesting a room with only one bed. He told his wife, a social worker and a counselor that he had been planning the trip for some time and had been fantasizing about M.A. for about a year. He admitted to the counselor that he had a problem with being attracted to young girls, which had caused problems in a previous marriage. He admitted to his wife that he had a problem and needed help. Defendant met with two therapists to assist him with his problem.

Section 564.011 states that an attempt to commit an offense requires "any act which is a substantial step towards the commission of the offense." The question presented here is whether defendant's conduct is strongly corroborative of the firmness of his purpose to complete the commission of the offense, thus constituting a "substantial step." Defendant's rubbing his stepdaughter's bottom, coupled with his action in putting his hand down the backside of her underwear are strongly corroborative of the firmness of his purpose to touch M.A.'s anus or genital area and thus, defendant's conduct constituted a substantial step in committing the offense of sexual contact of an eleven year old child. His actions were interrupted by M.A.'s screams and her running to the bathroom. Sufficient evidence was presented supporting defendant's conviction for misdemeanor sexual abuse in the first degree.

Defendant also asserts that the prosecution failed to prove its case against defendant beyond a reasonable doubt. Defendant argues that the State must not only show a substantial step by the defendant towards the commission of the underlying offense, but also that the defendant had a purpose to commit the underlying act. For the same reasons discussed in detail above, defendant's conduct, along with the evidence of defen-dant's fantasies, are sufficient to support the verdict of guilt. Points I and III are denied.

### Closing Argument

■ Next, defendant contends that the trial court erred in denying the defendant's request for a closing argument in that under the sixth amendment of the United States Constitution as applied to Missouri by the fourteenth amendment and Missouri law, the defendant in a criminal trial has an inherent right to present a closing argument.

■ A defendant in a criminal trial has an unfettered right under the sixth amendment to the United States Constitution to present a closing argument. *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). The State argues that the trial judge did not violate defendant's right to closing argument because defendant's counsel never requested closing argument. At the end of defendant's case, his counsel made a motion for acquittal. The trial court denied the motion and announced that defendant was guilty. Defense counsel asked the court if there was any opportunity to argue the facts. The following conversation transpired:

THE COURT: Argue all you want to. The only evidence I have heard here—how are you going to persuade me that this didn't occur?

DEFENSE COUNSEL: I don't think the defense would try to persuade you that a touching didn't occur.

THE COURT: I understand. Now there's a little difference between a pat on the fanny and something aimed toward sexual gratification.

The uncontroverted evidence in this case is the man has fantasies. I do not assume those fantasies are of going to Disney World. Thank God it wasn't any worse than it was.

You can't convince me that it wasn't a sexual touching, or that it was just an inadvertent pat, or a kindly gesture that an adult exhibits towards a child of tender years. That's one thing. This is not the set of circumstances I have heard and I have no evidence to the contrary.

If I'm wrong on the law, you can convince me through the appellate court. . . .

■ The right to present closing argument is a fundamental right which applies in both jury and non-jury cases. *Herring* 422 U.S. at 863, 95 S.Ct. at 2555–2556. It applies even in cases where the evidence appears to be overwhelming. *Id.* The right to give closing argument is waivable, *State v. Hale,* 472 S.W.2d 365 (Mo.App.1971), but absent waiver, the failure to allow a closing argument constitutes plain error. *Herring,* 422 U.S. at 865, 95 S.Ct. at 2556–2557; *United States v. Martinez,* 974 F.2d 589, 590–91 (5th Cir.1992).

■ While waiver of closing argument may be a matter of trial strategy within the discretion of counsel, *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), there is a presumption against waiver. In order to find waiver, the record must demonstrate its intentional relinquishment or abandonment. *Id.*

The written record in this case does not convey all the subtleties which may have existed in the interaction between counsel and court. One could argue that the statement, "argue all you want to" was a genuine invitation to argue the case. However, it most likely was a rhetorical statement indicating the court did not wish to hear any argument. Counsel, having already indicated a desire to argue the case, and having been informed that the court did not desire argument, was not required to further remonstrate with the court for the right to argue.

The facts were similar in *United States v. King,* 650 F.2d 534 (4th Cir.1981), where the defendant was charged with violation of a federal statute prohibiting obstruction of federal property. When the defense rested its case, the court immediately stated its conclusion that defendant was guilty. Defense counsel stated that he did not intend to waive closing argument. The following colloquy occurred:

THE COURT: Go ahead if you want to argue it. I have already made my finding. It's not going to change anything, Mr. Shapiro. If you want to argue the case for the record, for the appeals, that's fine as far as I am concerned. But this case has gone on. I have given you at least fifteen minutes to confer with your own clients in the courtroom here.

\* \* \* \* \* \*

MR. SHAPIRO: Well, certainly, I would have preferred to argue, but if it's not going to change the Court's mind, I don't see any reason, at this point, to do it.

THE COURT: It's not, based on the defendant's own statement.

*Id.* at 536. The court in that case held that the defendant did not waive closing argument. The refusal to permit closing argument was held to be prejudicial error.

Hardly any right is more basic than the right to be heard in one's own defense. A persuasive defense generally consists of more than examining witnesses. Persuasion often necessarily includes argumentation—the process of demonstrating, by reasoned analysis from offered facts, that a proposition is true or false. Effective argumentation makes the raw data more intelligible and suggests the proper resolution of the disputed issues. Argumentation is a valuable weapon against misunderstanding, confusion, and prejudice. We cannot afford to indulge the notion that there is any case in which the right to argumentation may be denied. In this case the trial court believed, in good faith, that closing argument would be of no value. However, that belief was based upon assumptions, rather than on knowledge, as to the content of the proposed argument.

Some cases may appear to the trial judge to be simple—open and shut—at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be "likely to leave [a] judge just where it found him." But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel.

*Herring v. New York,* 422 U.S. at 863, 95 S.Ct. at 2556. (quoting R. Jackson, *The Struggle for Judicial Supremacy,* 301 (1941))(footnotes omitted).

### Conclusion

The opportunity to argue was requested in this case. The record does not show that closing argument was intentionally abandoned. The right to closing argument is of such fundamental importance that it must be zealously safeguarded. The trial court may place reasonable limits on closing argument, but may not deny closing argument altogether. We conclude that the failure to accommodate closing argument in this case constituted reversible error. Point II is granted. The judgment of conviction and the sentence are reversed and the case is remanded to the trial court for a new trial.

All concur.