274 S.W.3d 547 (2008)
STATE of Missouri, Respondent,
v.
C.J.W., Appellant.
No. ED 91099.
Missouri Court of Appeals, Eastern District, Division One.
December 23, 2008.
*548 Craig A. Johnston, Assistant Public Defender, Columbia, MO, for appellant.
Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.
PATRICIA L. COHEN, Judge.

Introduction
C.J.W. ("Defendant") appeals his conviction, following a bench trial, of one count of child molestation in the first degree. Defendant contends that the trial court erred by denying his constitutional right to present a closing argument. We affirm.

Background
The State of Missouri charged Defendant with two counts of first-degree child molestation arising out of a series of incidents involving his eleven-year-old daughter. Defendant waived his right to a jury trial and was bench-tried on February 15, 2008. After the defense rested, defense counsel moved for judgment of acquittal. The trial court asked defense counsel if she wanted to be heard on her motion, and she declined. Before ruling on the motion, *549 the trial court asked if there was "[a]nything further for either side." Both counsel replied that they did not have anything further. After a brief discussion with the attorneys regarding the sufficiency of the evidence on Count I, the trial court proceeded to grant Defendant's motion as to Count I, but found Defendant guilty on Count II. The trial court then ordered a presentence investigation and set the case for sentencing. Before adjourning, the trial court again asked, "[a]nything else for the defense at this time?" prompting defense counsel to respond "No, sir." Subsequently, the trial court sentenced Defendant as a persistent offender to a term of fifteen-years imprisonment. Defendant appeals.

Standard of Review
To preserve a constitutional claim for judicial review, a defendant must raise the claim at the first opportunity. State v. Fassero, 256 S.W.3d 109, 117 (Mo. banc 2008). Because Defendant raises his claim of error for the first time on appeal, we review for plain error, which requires a finding that the alleged error resulted in a manifest injustice or miscarriage of justice. State v. McLaughlin, 265 S.W.3d 257, 262 (Mo. banc 2008). Not all prejudicial or reversible error is plain error. State v. Hibler, 21 S.W.3d 87, 96 (Mo.App. W.D. 2000). Plain errors are those which are "evident, obvious and clear." Id.

Discussion
In his sole point on appeal, Defendant contends that he was denied his fundamental right to present a closing argument as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. Specifically, Defendant argues that the trial court erred by announcing its judgment without providing any "warning" that it was ready to reach a verdict and without expressly inquiring as to whether the parties wanted to offer a closing argument. In response, the State argues that Defendant waived his right to present a summation by informing the trial court that the defense had nothing further and by failing to request a closing argument.
A criminal defendant's Sixth Amendment right to assistance of counsel includes an absolute right to present a closing argument. Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); State v. Crooks, 884 S.W.2d 90, 93 (Mo.App. W.D.1994). This right applies in both jury and non-jury cases, and a trial court's denial of a defendant's opportunity to present a closing argument constitutes plain error. Crooks, 884 S.W.2d. at 94 (citing Herring, 422 U.S. at 865, 95 S.Ct. 2550). Although the right to present closing argument may be waived, there is a presumption against waiver. Crooks, 884 S.W.2d at 94 (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). To find waiver of the right to closing argument, "the record must demonstrate its intentional relinquishment or abandonment." Id.
The issue before us is whether Defendant waived his right to present a closing argument. Our Supreme Court addressed this same issue in State v. Hale, 472 S.W.2d 365 (Mo.1971). Hale involved a non-jury case where at the close of all of the evidence, the trial court adjourned for a "short recess." Id. at 366. After reconvening, the trial court stated that it had "again reviewed the evidence" and then held an off-the-record discussion with the attorneys. Id. When the proceedings resumed on the record, the trial court, without expressly asking whether the parties desired to present a closing argument, proceeded to pronounce the defendant's sentence. Id. On appeal, the defendant claimed that the trial court erred by failing *550 to allow his counsel to present a final argument. Id. In considering the defendant's claim, the Supreme Court recognized a criminal defendant's constitutional right to present a closing argument, but held that the right "may be waived ... and may be lost by failing to request argument." Id. at 366-67. The Supreme Court emphasized the fact that the defendant "made no request to be permitted to argue his case to the court at the close of all the evidence, either before or after the court indicated its findings on the issue of guilty, and there [was] nothing in the record to show that such a request would have been denied." Id. at 367. Ultimately, the Supreme Court concluded that no error existed because the defendant had waived his right to present a closing argument. Id. Significantly, the Supreme Court did not require the trial court to expressly inquire of the defendant whether he was waiving his closing argument.[1]
Applying the principles articulated in Hale to this case, we find that the record establishes that Defendant waived his right to present a closing argument. Defendant failed to request argument at any time, to object when the trial court announced its verdict without hearing closing argument, or to request that the trial court set aside or withdraw the finding of guilt to permit oral argument. Additionally, nothing in the record suggests that had Defendant requested the opportunity to present a closing argument, the trial court would have refused such request.
To distinguish the instant case from Hale, Defendant relies on cases from other jurisdictions evincing a reluctance to find waiver based solely on a defendant's failure to affirmatively request a closing argument. Specifically, these courts have declined to find waiver in circumstances where the defendant was deprived of any "meaningful opportunity" to present a closing argument and when "the announcement of the verdict [came] on the heels of the close of evidence." See U.S. v. Martinez, 974 F.2d 589, 591 (5th Cir.1992); U.S. v. Spears, 671 F.2d 991, 994 (7th Cir.1982); see also Commonwealth v. Miranda, 22 Mass.App.Ct. 10, 490 N.E.2d 1195, 1198 (1986); State v. Gilman, 489 A.2d 1100, 1103 (Me.1985).
Even if we found the non-Missouri cases persuasive, they are of no assistance to Defendant. The trial transcript reveals that after the close of the evidence, the trial court offered defense counsel the opportunity to argue her motion for judgment of acquittal and expressly asked whether either party had "anything further" to which defense counsel replied "No, Your Honor." The trial court then proceeded to discuss its concerns about the sufficiency of the evidence regarding Count I, at which point counsel still did not ask for closing argument. Under these circumstances, it cannot be said the trial court's verdict "came on the heels of the *551 close of all of the evidence" or that Defendant was deprived of a "meaningful opportunity" to argue his case. Point denied.

Conclusion
The judgment of the trial court is affirmed.
KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.
NOTES
[1] Numerous cases from other jurisdictions are in accord with Hale, including: Long v. State, 74 P.3d 105, 108 (Okla.Crim.App.2003) ("Where Appellant did not request closing argument or object when the trial court did not ask for the same, the right to argue is waived."); State v. Rojewski, 202 Neb. 34, 272 N.W.2d 920, 923 (1979) ("In this case there was no denial of a request for argument because there was no request by the defendant for an opportunity to present an argument."); State v. Hebert, 110 Hawai`i 284, 132 P.3d 852, 858, 862 (2006) (same); Lee v. State, 175 Ind.App. 17, 369 N.E.2d 1083, 1085 (1977) (same); U.S. v. Stenzel, 49 F.3d 658, 662 (10th Cir.1995) ("We have found no cases imposing an affirmative duty on a court to offer counsel the opportunity to argue their case."); U.S. v. Davis, 993 F.2d 62, 64 (5th Cir.1993) ("We emphasized that an affirmative waiver on the record is not required; rather, waiver may be inferred from a review of the entire record.") (internal quotation and alteration omitted).