# Cole *v.* The State.

### Violating Prohibition Law.

(Decided April 18, 1916.   71 South. 616.)

1. **Indictment and Information; Proof; Variance.**—Where the complaint charged an unlawful sale of prohibited liquors, a conviction may be had for either selling or acting as agent or assisting friend of the seller or buyer in procuring an unlawful sale.

2. **Intoxicating Liquors; Directing Verdict.**—The evidence in this case examined and held to warrant affirmative instructions of defendant's guilt, the defendant offering no evidence.

3. **Trial; Argument of Counsel; Waiver.**—It was not error for the court to decline to allow counsel to argue a case where the court first sought to ascertain if they desired to argue the case, and counsel stated that they did not care to do so, whereupon the court directed the jury to find defendant guilty, and counsel then sought to argue the case.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bird Cole was convicted of violating the prohibition law, and he appeals. Affirmed.

LEITH & GUNN, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—Appellant was tried and convicted upon a complaint charging that he sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors and beverages. The complaint is in the form prescribed by the statute.

(1, 2) The evidence, without conflict, authorized the inference that the defendant either sold prohibited liquors or acted as agent or assisting friend of the seller or buyer in procuring an unlawful sale. A conviction for either offense may be had

under a complaint for unlawful selling.—*Bush v. State,* 12 Ala. App. 260, 67 South. 847; *Arrington v. State,* 13 Ala. App. 359, 69 South. 385. The defendant introduced no evidence, and the court gave the general charge for the state. In this there was no error, as the only inference to be drawn from the evidence introduced by the state was that of the guilt of the defendant of the offense charged.

(3) At the conclusion of the evidence, the court asked counsel if they wished to argue the case to the jury, and each replied that he did not. After this, the court, upon the written request of the state, gave the general charge. Thereupon the defendant asked leave to argue the case to the jury, and the court declined to allow any argument. The defendant had affirmatively waived his right to argument, and the court may not be put in error for acting upon defendant's waiver.—38 Cyc. 1471.

Affirmed.