GARY CASTERLOW *v*. STATE OF INDIANA.

[No. 1169S274. Filed March 23, 1971. Rehearing denied May 17, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark S. Peden,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant was convicted of robbery in a trial before the court without the intervention of a jury. On appeal he presents three issues: (1) That the verdict of the court is not sustained by sufficient evidence; (2) That the court erred in admitting into evidence, over objection of defendant, a sum of money of which the defendant claimed to be the owner, and (3) That he was deprived of the right to make an argument to the court at the close of all the evidence.

Defendant properly introduced alibi evidence and contends that the State presented no evidence to refute such alibi by the defendant and, therefore, failed to discharge its burden of proving defendant guilty beyond a reasonable doubt. This is defendant's sole proposition relative to the sufficiency question. Apparently defendant is attempting to assert that the introduction of alibi evidence places upon the State a greater burden of proof than it would otherwise have. If so, he presents no authorities and we are aware of none to sustain such a proposition.

"Strictly speaking *alibi evidence* is merely rebuttal evidence directed to that part of the state's evidence which tends to identify the defendant as the person who committed the alleged crime. And in a sense an *alibi* is adequately covered by a general instruction which declares that the state must prove beyond a reasonable doubt all the essential elements of the offense charged. If a defendant attempts merely to rebut the state's identity evidence by testimony which directly discredits such evidence there is no suggestion of an affirmative defense; but when the defendant takes the initiative and, disregarding the state's identity evidence, attempts to set up an independent state of facts inconsistent with the defendant's presence at the time and place of the commission of the alleged crime this phase of his case is essentially an affirmative defense in form, character, and appeal to the jury. A defendant, however, by resorting to an alibi defense, does not relieve the state of the burden of identifying him beyond a reasonable doubt, as the perpetrator of the alleged offense." *Witt* v. *State of Indiana* (1933), 205 Ind. 499, 185 N. E. 645.

The State presented the two victims of the robbery, both of whom identified the defendant as the one who committed the robbery charged. We fail to see how the alibi could have been better refuted. Clearly there was no insufficiency of the evidence.

On the day following the robbery the police were called by the defendant to the scene of a disturbance at an auto service

station in the same city where the robbery had occurred. Defendant was complaining that someone there had taken money from him. At the suggestion of one of the men present, one of the investigating policemen looked in the restroom where he found currency in excess of $600.00. Defendant on this occasion identified the money as being his. One of the officers then became suspicious that defendant was the person who had committed the robbery and asked him if he would go to the scene for possible identification. Defendant agreed, and the victims identified him as the one who robbed them the previous day. At the trial the money was introduced into evidence, over defendant's objection upon the grounds that the chain of custody had not been established. On appeal, defendant has abandoned this theory but contends that the evidence was irrelevant by reason of a lack of connection between him and the money. Strictly speaking neither alleged error is before this Court. The irrelevancy question is not available because it was not presented to the trial court at the time of the objection. And the chain of custody question has been waived because not presented by the brief. Nevertheless it is clear that neither position has merit, even if held to be properly preserved and presented. By his own admission defendant claimed ownership of the money. The evidence may not have had great weight, but it cannot be seriously regarded as irrelevant. Also, the money was shown to have been in the police property room from the time it was checked in by one of the arresting officers, in the presence of the identifying witness, until checked out of such custody by him on the day of the trial.

At the close of the State's rebuttal evidence, the prosecutor announced "The State rests," and defense counsel announced "The defense rests, Your Honor". The court proceeded immediately to announce its verdict of guilty and to order pre-commitment investigation. There was no objection to rendition of the verdict at this time and no offer

of summation. It is not unusual for counsel to waive arguments when the case is tried before the court. Without here determining whether one is entitled, as a matter of right under Acts of 1905, Ch. 169, § 260, as amended by Acts of 1909, Ch. 96, § 1 and Acts of 1927, Ch. 132, § 14 (1956 Repl. Burns § 9-1805), to present oral arguments in a case tried before the court, if such a right does exist, it was waived in this case by failure to raise the question at the proper time, i.e., at that stage of the proceedings when arguments would otherwise have been heard. Such question could not be presented for the first time by the motion for a new trial.

Affirmed.

Arterburn, C.J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 552.