STATE OF NEBRASKA, APPELLEE, V. JAN ROJEWSKI, APPELLANT.

272 N. W. 2d 920

Filed January 3, 1979. No. 42057.

Richard E. Gee, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

BOSLAUGH, J.

The defendant was charged in five counts with obtaining money by false pretenses and in one count with conversion by bailee. A jury was waived and trial had to the court. The defendant was found guilty on all counts and sentenced to 2 years probation including 20 days imprisonment in the county jail and ordered to make restitution in the amount of $1,400.

The defendant has appealed and contends the evidence was insufficient to support the judgment, the trial court erred in failing to allow the defendant's counsel to make a closing argument, and the sentence was excessive.

The five false pretense counts all relate to paychecks received by Carla Jones, a foster child who was living in the defendant's home in 1975. The five paychecks amounted to $111.28, $111.28, $111.28,

$98.49, and $47.38. The information alleged in each count that on the date alleged the defendant obtained money in excess of $35 from Carla Jones on the pretense that the money would be used to pay her tuition at Central Catholic High School.

At the time of the trial Carla Jones was 19 years of age. She had been graduated from high school in May 1977 and was in training to be a medical assistant at the Central Technical Community College. She testified she gave each paycheck to the defendant who then returned a small amount, between $11.28 and $7.38, to her for spending money. She testified the defendant had agreed to put the money in the bank so that it could be used to pay her tuition at the high school. The evidence established the tuition was never paid but was forgiven by the school and the money received by the defendant was not returned to Carla Jones.

The checks which are in evidence show the endorsement of both Carla Jones and the defendant and that the checks were cashed and not deposited. The defendant stipulated her signature appeared on the checks.

The foster home care agreement between the defendant and the welfare department was received in evidence. This agreement provided for the payment of $145 per month to the defendant "to cover the cost of food, housing, clothing, personal and school expenses for the care of the child," with a "Special needs exception." The evidence shows there was a special clothing allowance for Carla in June 1975, in the amount of $150 in addition to the monthly payments to the defendant provided for in the agreement.

The defendant denied there had been any discussion about using the money earned by Carla Jones for her tuition and claimed the money had been spent for clothing and other personal expenditures for Carla. Much of the defendant's testimony was

impeached and the evidence presented questions of credibility for the trier of fact.

The conversion by bailee count related to money belonging to Herbert Walker, a person who lived in the Rojewski home in 1975. Walker was 39 years of age at the time of the trial. He was a former inmate of the Beatrice State Home who had been returned to the community. He was employed as a laborer at Delicious Foods with take-home pay in excess of $200 biweekly. Walker testified that when he was living at the Rojewski home he cashed each paycheck on the way home and then handed the money to the defendant. He received $15 or $20 from each check back from the defendant. Walker testified the defendant said she would put his money in his savings account. When Walker first moved into the Rojewski home he was supposed to pay the defendant $110 per month for room and board. Later he moved into a basement apartment and was supposed to pay $140 per month. According to Walker, soon after he moved into the Rojewski home he gave the defendant $300 he had brought from his former residence.

On December 1, 1975, a check in the amount of $1,449.85, representing the proceeds of a personal trust account of Walker at the Beatrice State Home, was received at the office of the mid-Nebraska Mental Retardation Services in Grand Island. The check was delivered to the defendant who then used it to open a savings account for the defendant at the Five Points Bank in Grand Island in the name of "Herbert Walker or Jan Rojewski." The account was opened with a deposit of $1,000. Withdrawals were made as follows by withdrawal slips signed by both Walker and the defendant: 12-15-75 $200; 1-13-76 $600; 1-30-76 $50; 3-8-76 $120; 6-16-76 $30. On June 30, 1976, the account had a balance of $6.58.

The defendant denied she had used any of Walker's money for herself except possibly for rent payments. She claimed the money had been spent by

Walker for clothing and other personal items and entertainment.

In 1976 and 1977 Walker worked as a volunteer at the Nebraska Veterans' Home. It became apparent to the persons supervising and managing the volunteer activities at the home that Walker was not getting enough to eat and had no money. Their efforts led to the disclosure that his savings account had been depleted and that his living accommodations were not satisfactory.

It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence in a criminal case. The evidence of the State was sufficient, if believed, to establish that the defendant had converted funds of Walker amounting to $1,400.

The defendant contends that the testimony of Carla Jones and Walker can not be relied upon to sustain the conviction. She argues that Walker was retarded and Carla Jones was at times unstable and appeared to suffer from delusions or hallucinations. There was evidence she was taken to a psychiatrist at one time after such an episode.

The credibility of the witnesses was a question for the trier of fact. Much of the testimony of Walker and Carla Jones was corroborated by other witnesses and a substantial part of the evidence against the defendant was documentary. The record does not show that either Walker or Carla Jones was incompetent to testify as a matter of law. We conclude that the evidence was sufficient to sustain a finding of guilt beyond a reasonable doubt on each count against the defendant.

The defendant's principal assignment of error relates to the fact that no closing arguments were made at the close of the evidence. The record shows that the following took place on January 18, 1978, at the end of the trial: "MR. GEE: Your Honor, that's all we have in the way of rebuttal.

THE COURT: Gentlemen, I want to see if we have all of the Exhibits before we do anything else. I'm going to take this matter under advisement, for a day or two, until I can get through the Exhibits. I don't want counsel to leave until we have gotten the Exhibits straightened out. The rest of you may be excused if you like. I'll try to have a decision for you on Friday, at 1:30, so be back here at 1:30 on Friday. END OF HEARING''.

On Friday afternoon, January 20, 1978, the trial court announced that the defendant was found guilty on all counts. The defendant made no mention about closing arguments until the motion for new trial was filed on January 24, 1978. At the hearing on the motion for new trial on March 9, 1978, the trial court advised defendant's counsel he could make a closing argument at that time and defendant's counsel did so.

The defendant relies primarily upon Herring v. New York, 422 U. S. 853, 95 S. Ct. 2550, 45 L. Ed. 2d 593. The Herring case involved a New York statute which permitted the trial court to refuse to hear closing arguments in any nonjury criminal case. The United States Supreme Court held the statute violated the defendant's constitutional right to counsel.

It is a general rule that errors at trial should be called to the attention of the trial court at the earliest practicable time so that appropriate remedial action may be taken. In this case there was no denial of a request for argument because there was no request by the defendant for an opportunity to present an argument. The better practice is for the trial court to inquire whether counsel desire to present closing arguments, but in the absence of a request the right to make a closing argument is waived. State v. Weippert, 237 N. W. 2d 1 (N. Dak.). See, also, Lee v. State, 369 N. E. 2d 1083 (Ind.); Casterlow v. State, 267 N. E. 2d 552 (Ind.).

In State v. Mann, 361 A. 2d 897 (Me.), the court said: "A failure of the defendant to insist at the proper time upon his constitutional right to be heard in person or by counsel in argument of his cause at the close of the evidence, absent a showing of incompetency of counsel or the presence of exceptional circumstances, will constitute a waiver of such right and operate as an estoppel to his afterwards setting it up against the state. Henry v. State, 1913, 10 Okl. Cr. 369, 136 P. 982, 986. See Cole v. State, 1916, 14 Ala. App. 71, 71 So. 616. The case of State v. Hale, 1971, Mo., 472 S. W. 2d 365 is on all fours with the instant case. In Hale, the Court at the close of all the evidence after stating upon its reconvening following a short recess that it had again reviewed the evidence, announced without the benefit of argument of counsel the punishment to which the defendant was to be sentenced. At no time was there a request on behalf of the defendant that the finding of guilt be set aside or withdrawn to permit oral argument. The appellate Court ruled that the accused was not unconstitutionally denied the right to orally argue his case. To the same effect, see Long v. City of Opelika, 1953, 37 Ala. App. 200, 66 So. 2d 126, certiorari denied 259 Ala. 164, 66 So. 2d 130; Casterlow v. State, 1971, 256 Ind. 214, 267 N. E. 2d 552; United States ex rel. Spears v. Johnson, 1972, 3 Cir., 463 F. 2d 1024; Cf. Moore v. State, 1969, 7 Md. App. 330, 254 A. 2d 717."

In State v. Hale, 472 S. W. 2d 365 (Mo.), the court said: "The right to orally argue may be waived, Henry v. State, supra, and may be lost by failing to request argument. People v. Berger, 284 Ill. 47, 119 N. E. 975. In this case appellant admits that he made no request to be permitted to argue his case to the court at the close of all the evidence, either before or after the court indicated its findings on the issue of guilt, and there is nothing in the record to show that such a request would have been denied."

The defendant is 42 years of age, married, and has completed 2 years of college. She has an excellent employment record and no record of any prior criminal offense. She is presently operating a day school. Probation with restitution was an appropriate sentence.

The defendant asks that the 20-day jail sentence which was imposed as a part of the probation be eliminated. The trial court imposed the jail sentence because of the nature of the crimes involved, particularly the persons who were the victims. Under the circumstances we find no abuse of discretion by the trial court.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurring in part and dissenting in part.

I concur with the portion of the opinion which concludes that the evidence was clearly sufficient to sustain a finding of guilt beyond a reasonable doubt.

I disagree with the portion of the opinion which finds that the defendant's constitutional right to have her counsel make a summation was waived. As I interpret the record, it seems clear the trial judge did not intend to hear oral argument and counsel's insistence upon the right would have been unavailing. I further feel that the granting of an opportunity for oral argument after the judge had already made up his mind did not cure the error.