

**FILED**

Aug 03 2017, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allison Nickels,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 3, 2017

Court of Appeals Case No.
09A02-1703-CR-534

Appeal from the Cass Superior
Court

The Honorable Richard,
Maughmer, Judge

Trial Court Cause No.
09D02-1605-F5-20

**Robb, Judge.**

# Case Summary and Issue

Following a bench trial, Allison Nickels was found guilty of domestic battery, a Level 6 felony, and interference with reporting of a crime, a Class A misdemeanor. Nickels appeals, raising one issue for our review: whether the trial court erred by denying her an opportunity to present a closing argument. Concluding the trial court committed reversible error in denying Nickels her right to present closing argument before a verdict was announced, we reverse and remand.

# Facts and Procedural History

In May of 2016, Nickels was living with her ex-husband, Everett, and their two children when she and Everett became embroiled in a fight. As a result, the State charged Nickels with domestic battery, a Level 6 felony for committing the offense in the presence of a child under the age of sixteen; and interference with reporting of a crime, a Class A misdemeanor.[1] On February 9, 2017, the parties appeared for a bench trial. Nickels' ex-husband and the police officer who responded to the scene testified for the State; Nickels testified on her own behalf. Everett testified he was helping the parties' seven-year-old daughter get ready for school when Nickels, seeming irritated, entered the room. After they argued briefly, Nickels struck Everett in the face with her fists. Everett told

---

[1] Nickels was also charged with battery, a Level 5 felony, but the State dismissed that charge before trial.

Nickels he was going to call the police and exited their daughter's bedroom. Nickels followed Everett into the hallway and struck him on the back, pulled his ears, and headbutted him in the face. She also knocked the cellphone from his hands, causing the battery to fall out. After Everett retrieved the battery and put his phone back together, he left the house and called police. Nickels admitted she struck Everett but testified it did not occur in the presence of their daughter. She also denied touching Everett's cellphone at any time.

[3] After the parties rested their cases, the following occurred:

> The Court: Okay. Argument?
> [State]: Your Honor, I think there is plenty of . . .
> The Court: You are right there is.
> [State]: With regard to the battery taking place in front of the child.
> The Court: Court finds for you, okay?
> [State]: Thank you.
> The Court: Do you have argument, [defense counsel]?
> [Defense counsel]: Well, I don't think that beyond a reasonable doubt that we have interference with reporting a crime but [Nickels] --- to the extent that she can has been straightforward to some extent as far as what happened. That's all I can tell you.
> The Court: Okay. Recommendation counsel, [State]? First of all do you waive a PSI or do we need to have a PSI?

Transcript, Volume 1 at 57. The parties waived a pre-sentence investigation, made their recommendations as to sentencing, and the trial court found Nickels guilty as charged and sentenced her that same day to 558 days, which amounted to a time-served sentence. Nickels now appeals.

# Discussion and Decision

[4] Nickels contends the trial court erred in denying her the right to make a closing argument and requests that her convictions be reversed due to the error.

[5] The opportunity to make a closing argument is a basic element of the criminal process. *See Herring v. New York*, 422 U.S. 853, 864-65 (1975) (holding that "the appellant, through counsel, had a right to be heard in summation" and to deny him the opportunity was to deny him the assistance of counsel and the right to present a defense). "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." *King v. State*, 467 N.E.2d 726, 728-29 (Ind. 1984) (citing *Herring*, 422 U.S. at 862).

[6] The State acknowledges the right to present a closing argument, but notes that "[a]lthough the trial court stated preliminarily that it was finding for the State, it invited Nickels' trial counsel to give a closing argument." Brief of Appellee at 8. Because Nickels did not object and in fact made a brief statement, the State contends Nickels has waived her claim that she was denied the opportunity to present a closing argument. In support of its waiver argument, the State cites *Casterlow v. State*, 256 Ind. 214, 267 N.E.2d 552 (1971) and *Lee v. State*, 175 Ind. App. 17, 369 N.E.2d 1083 (1977). It is true that *Casterlow* held the defendant waived his assertion he was deprived of his right to make an argument at the close of evidence, 256 Ind. at 217-18, 267 N.E.2d at 553-54; however, *Casterlow* was decided several years before *Herring* held there was a constitutional right to

present closing argument in a bench trial. *Cf. Casterlow*, 256 Ind. at 218, 267 N.E.2d at 553 (announcing the decision "[w]ithout here determining whether one is entitled . . . to present oral arguments in a case tried before the court"). And both *Casterlow* and *Lee* are distinguishable on their facts. In both cases, the trial court announced its verdict of guilty following the close of evidence without allowing *either* party the opportunity to give closing argument. *See Casterlow*, 256 Ind. at 217-18, 267 N.E.2d at 553; *Lee*, 175 Ind. App. at 20-21, 369 N.E.2d at 1086 (Staton, J., concurring). In this case, the trial court offered the *State* the opportunity to make an argument, interrupted the argument to announce it was finding for the State, and only asked for argument from Nickels after it had already announced its intention to find against her. The State's assertion that the trial court only "preliminarily" found for the State and that it "invited" closing argument from Nickels inaccurately characterizes what happened. There is no indication the trial court's finding was "preliminary" because the court asked for sentencing recommendations as soon as Nickels' counsel finished his brief statement, and therefore, its "invitation" for defense counsel to give closing argument was at best an empty formality. Neither *Casterlow* nor *Lee* dictate a finding of waiver here.[2]

---

[2] The State also cites Judge Staton's concurring opinion in *Lee* in which he noted the "better practice would be for the trial court to expressly inquire whether counsel has a final argument or summation" and then if the reply is negative, a clear record of waiver exists. 175 Ind. App. at 22, 369 N.E.2d at 1086. The State posits that is "exactly what the trial court did here" in giving Nickels an opportunity to present argument which her counsel did. Br. of Appellee at 9. Again, we find this statement does not accurately portray what occurred here – the trial court did allow Nickels' counsel to make an argument, but only *after* it had already announced its decision.

In *United States v. Spears*, 671 F.2d 991 (7th Cir. 1982), the trial court took the case under advisement at the close of evidence and scheduled a hearing three weeks hence for the purpose of announcing a decision. The Seventh Circuit Court of Appeals held the defendant had made a tactical choice to waive his right of summation when he did not assert his right to make a closing argument or otherwise object at any time during those three weeks. *Id.* at 995. In so deciding, however, the court also noted that a defendant must have a clear opportunity to either assert or waive the right to closing argument *before* the trial court announces a verdict. *Id.* at 994. Here, after both parties rested their cases, the trial court asked for argument and the State began to give its closing argument when the trial court interrupted and announced it would be finding for the State. Under those circumstances, Nickels' counsel did not have a clear opportunity to object to the trial court's procedure as it appeared the trial court would be allowing closing arguments until it suddenly interrupted and, without allowing the defense to present a closing argument, announced its decision. *Cf. id.* at 995 (finding waiver in part because "[t]his case does not involve precipitous action on the part of the trial judge").

[8] Further, the fact that Nickels nonetheless made a brief argument does not cure the error. Although we assume the trial judge followed the law and listened to what Nickels' counsel had to say, making an argument to persuade a presumably neutral arbiter to find in one's favor is an entirely different situation than trying to persuade a judge to reconsider a decision he has already made. Closing argument serves several purposes: it clarifies and sharpens the issues,

gives the defense one last chance to persuade the trier of fact there may be reasonable doubt of the defendant's guilt, and, in a bench trial, aids the judge's decision-making by providing opposing viewpoints. *See Herring*, 422 U.S. at 862-64. In *Spence v. State*, 463 A.2d 808 (Md. 1983), the Maryland Court of Appeals addressed whether the opportunity to argue the merits of a criminal case after a verdict that was rendered prior to closing argument and then stricken on defendant's objection satisfies the defendant's constitutional right to present a summation. In holding that it did not, the court noted:

> In our view, at a bench trial, the presiding judge is obliged to display every indicia of having an open mind, subject to being persuaded by a logical and convincing argument, prior to announcing the verdict. Furthermore, the verdict is the moment which signals the defendant's fate. He is constitutionally entitled to an opportunity before that moment to attempt to convince the trier of fact that he is innocent or that he is not guilty beyond a reasonable doubt. Depriving him of this opportunity is tantamount to shortening his day in court and denies him a fair trial. In our judgment, the striking of the verdict can not restore the same stage, nor create the same atmosphere of fairness.

> Moreover, due process includes the right to have counsel argue the most hopeless case to the factfinder before [the] verdict. It is clear if counsel must argue such a case after the verdict is announced, counsel will truly be "whistling in the wind."

*Id.* at 812; *see also U.S. v. King*, 650 F.2d 534, 536-37 (4th Cir. 1981) (holding defendant was denied any "real" opportunity to present closing argument when trial court immediately announced judgment but told defense counsel to "[g]o ahead if you want to argue it. I have already made my finding. It's not going

to change anything."). Where even formally withdrawing an improvidently announced judgment and reopening the case for argument is insufficient to protect the defendant's right to give closing argument, the procedure employed by the trial court here is at least equally so.

[9] Finally, the judgment here came down to a "duel of credibility": the State presented evidence from Nickels' ex-husband and Nickels testified on her own behalf as to the incident that occurred between the two of them. The credibility assessment was undeniably for the judge to make, but even though the trial was not complex or lengthy, Nickels still had a right to summarize the evidence from the point of view most favorable to her and to point out the weaknesses of the State's position prior to the trial court making a decision.

> Some cases may appear to the trial judge to be simple—open and shut—at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be "likely to leave (a) judge just where it found him." But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict.

*Herring*, 422 U.S. at 863 (footnote omitted). The trial court's announcement of a verdict before Nickels was afforded an opportunity to make her closing argument is reversible error.

# Conclusion

[10]     Nickels had a right to present a closing argument without having to overcome the trial court's pre-judgment. Because she was not afforded that right, we reverse and remand for a new trial.

[11]     Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.