Justice Ingrid Gustafson delivered the Opinion of the Court.
*918 **233 ¶ 1 Michael Allen Chaplin (Chaplin) appeals a criminal conviction from the Twenty-First Judicial District Court, Ravalli County. We affirm.
¶ 2 We restate the issue on appeal:
Whether the District Court violated Chaplin's right to present a full defense, including his right to assistance of counsel, when it did **234 not affirmatively offer Chaplin the opportunity to make a closing argument in a bench trial?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 Chaplin was charged with Sexual Intercourse without Consent and Attempted Sexual Abuse of Children. The parties presented their cases in a four-day bench trial held September 6, 7, 9, and 19, 2016. At the close of the State's case on September 9, 2016, Chaplin's counsel moved to dismiss for insufficient evidence. During defense counsel's argument on the motion, the District Court interrupted Chaplin's counsel: "I don't need a closing argument now. I just need you to stick with the facts." After counsel's argument, the court denied Chaplin's motion to dismiss. Chaplin then presented his case.
¶ 4 At the close of evidence on September 19, 2016, the transcript reflects the following interaction:
THE COURT: Everybody rests their case?
DEFENSE: Yes, Your Honor.
PROSECUTION: Yes, sir.
THE COURT: All right. We'll take about a 15-minute recess, and then we'll reconvene and the Court will announce its verdicts.
DEFENSE: Your Honor, does the Court require proposed findings of fact and conclusions of law from the parties?
THE COURT: No.
Neither party objected when the court did not offer either the opportunity to present a closing argument. Further, neither party requested the opportunity to present a closing argument. The court then took an approximate 20-minute recess before returning to pronounce its verdict-guilty on count one, Sexual Intercourse without Consent, and not guilty on count two, Attempted Sexual Abuse of Children. The court made detailed findings of fact to support its verdicts. Chaplin appeals.
STANDARD OF REVIEW
¶ 5 This Court generally does not address issues raised for the first time on appeal. Where an issue is not raised below, plain error review is warranted in situations implicating a fundamental constitutional right and where failing to review the alleged error results in a manifest miscarriage of justice, leaves unsettled the question of the fundamental fairness of the proceedings, or compromises the integrity of the judicial process. State v. Hatfield , 2018 MT 229, ¶ 15, 392 Mont. 509, 426 P.3d 569 (internal citations omitted).
¶ 6 We exercise plenary review over constitutional questions, including alleged violations of a defendant's right to effective **235 assistance of counsel. In re A.S. , 2004 MT 62, ¶¶ 9-10, 320 Mont. 268, 87 P.3d 408 (internal citations omitted).
DISCUSSION
¶ 7 Whether the District Court violated Chaplin's right to present a full defense, including his right to assistance of counsel, when it did not affirmatively offer Chaplin the opportunity to make a closing argument in a bench trial?
¶ 8 Chaplin argues he was denied his right to assistance of counsel and full presentation of his defense because he was not allowed to make a closing argument. He alleges this constituted structural error and entitles him to a new trial. Chaplin relies *919 primarily on Herring v. New York , 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), to assert the right to participate fully and fairly in the adversary fact-finding process, including a basic right to present a closing argument as part of his right to assistance of counsel guaranteed by the Sixth Amendment. The State asserts Chaplin's reliance on Herring is misplaced as, unlike Herring, Chaplin was not denied the opportunity to make a closing argument. The State asserts Chaplin instead waived his right to present a closing argument when he failed to request, or object to the court's failure to offer, the opportunity to make a closing argument.
¶ 9 Herring asked to make a closing argument at the close of his criminal bench trial. Herring , 422 U.S. at 856, 95 S.Ct. at 2552. The court denied the request based on a state statute that prevented a defendant from making a closing argument at a bench trial without leave of court. Herring , 422 U.S. at 863, 95 S.Ct. at 2554. Ultimately, the Supreme Court held the statute denied the defendant the constitutional right to assistance of counsel. Herring , 422 U.S. at 865, 95 S.Ct. at 2556-57. The Herring court discussed the weight of authority regarding presentation of a closing argument in a criminal trial:
There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge. The issue has been considered less often in the context of a so-called bench trial. But the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense.
Herring , 422 U.S. at 858-59, 95 S.Ct. at 2553-54. Herring discussed **236 two lines of cases where a new bench trial was required-those in which the court had explicitly denied the defendant from presenting a closing argument[1] and those in which the court had implicitly denied the defendant from presenting a closing argument.[2] Herring at n.9.
¶ 10 Herring , along with these two lines of cases, is clearly distinguishable from this case. Here, the District Court did not explicitly or implicitly deny Chaplin a closing argument. While the District Court did not affirmatively offer the parties the opportunity to present closing arguments, neither party requested the opportunity to do so.
¶ 11 Chaplin asserts he was denied the opportunity to present a closing argument because the court stated, "I don't need a closing argument now" when his counsel argued his motion to dismiss at the close of the State's case. We do not find this assertion persuasive. This statement made by the court 10 days earlier following close of the State's case cannot reasonably be interpreted to mean the District Court was unwilling to *920 hear a closing argument at the conclusion of the parties' evidentiary presentations. At the close of the evidence, rather than ask to give a closing argument, defense counsel instead inquired whether the Court required proposed findings and conclusions. Nothing in the record suggests the District Court precluded counsel from requesting the opportunity to present a closing argument or from making a closing **237 argument.
¶ 12 Next, Chaplin argues his trial counsel felt he could not request to make a closing argument as it had the potential to anger the court as the sole fact-finder. We also do not find this argument persuasive. Nothing in the record indicates a reason for counsel's failure to request a closing argument, and nothing suggests such a request would have angered the court.
¶ 13 The situation here is more analogous to the cases, referenced by the State, holding the defendant waived his right to make a closing argument where defendant did not ask to make a closing argument or failed to object when not offered the opportunity to do so in a bench trial.[3] Chaplin has not demonstrated his ability to present a defense, including his right to assistance of counsel, was violated. Therefore, plain error review is not warranted. By failing to request the opportunity to make a closing argument at his bench trial, Chaplin waived his right to present a closing argument.
CONCLUSION
¶ 14 Chaplin has failed to demonstrate his right to assistance of counsel and to present a defense and participate fully in the adversary fact-finding process was violated by the District Court's failure to offer him the opportunity to make a closing argument at the close of his bench trial. By failing to request the opportunity to make a closing argument, Chaplin waived his right to present a closing argument.
¶ 15 Affirmed.
We concur:
MIKE McGRATH, C.J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

See , e.g. , Yopps v. State , 228 Md. 204, 178 A.2d 879 (1962) (holding court erred where attorneys rested, judge immediately declared defendant guilty, then defense counsel requested time to close, which the judge denied); United States v. Walls , 443 F.2d 1220 (6th Cir. 1971) (holding court erred where attorneys rested, judge immediately declared defendant guilty and adjourned, then defense counsel called the omission of argument to the court's attention and the record was reopened, but the court correctly stated that argument then would be futile because he had made up his mind); Thomas v. District of Columbia , 90 F.2d 424 (D.C. Cir. 1937) (holding court erred where defense counsel stated he had two further witnesses to call, judge refused to hear further testimony, refused to hear any argument by counsel, and ruled from the bench); United States ex rel. Wilcox v. Pennsylvania , 273 F.Supp. 923 (E.D. Pa. 1967) (holding court erred where petitioner's counsel was attempting to commence his closing argument after the evidence was presented and the trial judge interrupted him to announce the verdict of guilty).

See , e.g. , Floyd v. State , 90 So.2d 105 (Fla. 1956) (holding court erred where case commenced, various persons testified and trial was continued, defendant did not rest his case, and the next entry by the clerk, dated three months later, is the judgment of conviction); People v. Thomas , 390 Mich. 93, 210 N.W.2d 776 (1973) (holding court erred where defense counsel made a motion for a directed verdict at the close of proof and judge did not rule on the motion but instead immediately found defendant guilty without allowing defense counsel his requested opportunity to offer a closing argument).

E.g. , United States v. Martinez , 974 F.2d 589 (5th Cir. 1992) (finding no error where court took a recess at the close of evidence, judge returned and said he was prepared to rule and did not consider arguments necessary, and defense counsel neither requested an opportunity to close nor objected to the court's suggestion); United States ex rel. Spears v. Johnson , 463 F.2d 1024 (3d Cir. 1972) (finding no error where there was no indication defense counsel intended or desired to present a summation, the circumstances were such that a decision not to present closing arguments may have been sound trial strategy, and no objection was made to the trial judge's alleged preclusion of the right to make such a summation until the appeal); State v. Hebert, 110 Hawai'i 284, 132 P.3d 852 (2006) (finding no error where court did not expressly deny defense counsel the opportunity to make a closing argument because counsel neither requested one nor objected to not having one when the court proceeded to verdict); State v. Rojewski , 202 Neb. 34, 272 N.W.2d 920 (1979) (finding no error where court recessed and said it would present verdict when it returned and counsel neither requested closing nor objected to not having one).